# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:08-CR-86

United States of America

v.

James Anthony Berotte

                                      Defendant

**Report and Recommendation Re:
Defendant's Competency to Stand Trial**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

### I. Nature of Proceeding

A petition alleging that the defendant violated conditions of supervised release is pending before the court. Defendant's counsel expressed concern regarding defendant's competency, and the court ordered a psychiatric examination.

This report addresses defendant's current mental state. It is appropriate, however, to recite first the historical context in which this issue arises.

## II. Historical Background

Defendant was indicted for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) on May 28, 2008. (Docket No. 1.) An unopposed Motion for Psychiatric Exam to Determine Competency was filed and granted on June 5, 2008. (Docket No. 7.) A mental health exam was conducted by Dr. Randall Rattan, Ph.D, ABPP at the Federal Correctional Institution in Fort Worth, Texas, and he prepared a report on July 11, 2008 wherein he determined that defendant was incompetent. (Docket No. 10.) Consequently, the court entered an order on August 21, 2008 declaring defendant incompetent to stand trial for the charges against him and committed him to the custody of the attorney general for a period not to exceed 4 months. (Docket No. 14.)

A second forensic evaluation was conducted by Dr. Mark Cheltenham, M.D. on February 19, 2009, wherein he determined that defendant met the minimum requirements for competency to stand trial; however, he noted that defendant's competency was highly contingent upon continued medication compliance. (Docket No. 15.) As a result, a Certificate of Restoration of Competency to Stand Trial was received and filed by the court. (Id.) The Certificate, dated March 3, 2009, stated that defendant was now able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. (Id.) Therefore, on April 16, 2009, the court found, by a preponderance of the evidence, that defendant was competent to stand trial. (Docket No. 19.)

Defendant then pled guilty to the pending charge on June 26, 2009, and was sentenced on October 29, 2009 to 30 months imprisonment and 3 years of supervised release upon completion of his sentence. (Docket No. 31, 37.) As part of defendant's conditions of supervision, defendant was ordered to "participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider and shall also comply with medication requirements." (Docket No. 38.)

### III. Petition to Revoke Supervised Release

The current Petition for Warrant or Summons for Offender under Supervision was filed on January 21, 2011 alleging that defendant violated his conditions of supervision by refusing to take his mental health medication. (Docket No. 45.)

On March 28, 2011, the court ordered a new psychiatric or psychological exam to determine if defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 51.)

### IV. Competency Evaluation

Defendant arrived at the Federal Correctional Institution in Fort Worth, Texas and was evaluated again by Dr. Rattan from April 15, 2011 through April 25, 2011. Defendant's evaluation included interviews, psychological testing, and a review of his criminal records, treatment records, intake questionnaire, and the previous 2009 forensic evaluation.

Dr. Rattan noted that defendant "was considered a sufficiently poor historian to the extent that his provided social history was not likely valid due

to the effects of mental illness." Psychological Evaluation, Reg. No. 13836-078 p. 2 (April 25, 2011). Therefore, Dr. Rattan referred to defendant's previous forensic evaluation for background information. He noted that defendant was diagnosed with Schizophrenia, Paranoid Type, and was frequently noncompliant with his anti-psychotic medication. Defendant's history also indicated agitation, inappropriate behavior, delusional thinking, and reports of apparent auditory psychosis.

In the course of the interview, Dr. Rattan reported that defendant's "[m]ood was variable and apparently quite irritable in the context of interview with Psychology Services personnel, including this examiner, as his tone of voice was remarkably loud and he appeared agitated and angry while expressing paranoid ideas." Id. at 3. He also wrote that defendant's "[m]emory processes were noted as likely impaired in all spheres. Thought processes were not logical, but were periodically coherent and sequential." Id. Also, defendant "denied having any insight into the nature of his psychological problems and referred to his stated anti-psychotic medication as 'poison' and angrily asserted (yelled) that he would not take these medications while at this institution." Id.

Dr. Rattan's report indicates that defendant declined to participate in the assessment of his cognitive functioning and personality functioning. He also wrote that "attempted administration of the [Evaluation of Competence to Stand Trial - Revised] was discontinued due to the apparent agitation and inappropriate (excessively loud) tone of voice exhibited by the defendant toward this examiner. Results indicated that he is not competent to proceed." Id. at 4. Defendant also "did not exhibit a current ability to assist counsel nor did he affirmatively exhibit a rational understanding of the nature and consequences of the charges against him." Id.

Dr. Rattan ultimately concluded that "defendant appeared to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." Id. at 5. Consequently, Dr. Rattan recommended that the defendant "be transferred to a medical referral center in the Federal Bureau of Prisons for a period not to exceed 120 days in an attempt to restore to competency under Title 18, United States Code, 4241(d)." Id.

On May 24, 2011, the court held a hearing on defendant's competency. Counsel for the government and the defendant advised that upon review of the April 25, 2011 report, neither party objects to Dr. Rattan's findings and recommendation.

## V. Governing Legal Principles

"At any time *after the commencement of probation or supervised release and prior to the completion of the sentence*, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a) (emphasis added). The court shall then determine by a preponderance of the evidence whether the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The burden to prove defendant competent at a competency hearing is on the government. U.S. v. Makris, 535 F.2d 899, 906 (5th Cir. 1976), reh'g denied, 540 F.2d 1086, cert. denied, 430 U.S. 954, 97 S. Ct. 1598, 51 L. Ed. 2d 803 (1977), reh'g denied, 431 U.S. 909, 97 S. Ct. 1707, 52 L. Ed. 2d 394 (1977).

When the court determines that defendant is not competent to permit proceedings to go forward, the court shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). The Attorney General then hospitalizes defendant for treatment in a suitable facility for a reasonable period of time, not exceeding four months, to determine whether there is a substantial probability in the foreseeable future that defendant will attain the capacity to permit the proceedings to go forward. Id.

## VI. Analysis

Evidence from the licensed psychologist, Dr. Rattan, establishes that defendant currently is (1) unable to understand the nature and consequences of the proceeding against him, and (2) unable to communicate coherently enough to aid in his own defense. See Psychological Evaluation, Reg. No. 13836-078 (April 25, 2011) p. 1-5. Moreover, counsel for the government and the defendant concur with Dr. Rattan's findings and recommendation. Therefore, the undersigned concludes that the government has not shown by a preponderance of evidence that the defendant is competent to permit the proceedings to go forward.

## RECOMMENDATIONS

1. The court should find that defendant is not competent to permit revocation proceedings to go forward because he is unable to understand the nature and consequences of the criminal proceedings against him.

2. The court should find that the defendant is not competent to permit revocation proceedings to go forward because he does not have ability to assist his attorney.

3. The defendant should be committed to custody of the Attorney General to determine whether there is a substantial probability that

defendant will in the foreseeable future attain capacity to permit revocation proceedings to go forward.

## OBJECTIONS

Title 28 U.S.C. § 636 normally gives the parties fourteen (14) days to object to recommendations submitted by magistrate judges. However, as the parties have agreed that defendant is incompetent, and this report recommends that defendant be found incompetent, the court may act on the report and recommendation immediately.

SIGNED this __26__ day of May, 2011.

_____
Earl S. Hines
United States Magistrate Judge