

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO 1:08-CR-86 |
| | § | |
| JAMES ANTHONY BEROTTE | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S COMPETENCY TO PROCEED

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal matter is before the undersigned United States Magistrate upon referral from the District Court. The Court now its enters its recommendation that the District Court find defendant, James Anthony Berotte, incompetent to proceed and unlikely to be restored to competency in the future.

### Background

Pursuant to court order, Anthony James Berotte was committed to the custody of the Attorney General to receive mental health treatment at the Medical Center for Federal Prisoners (FMC), Springfield, Missouri. The Court also directed that he undergo a competency examination while in custody there. *See Order* (doc. #57). The Court further ordered that the psychologist or psychiatrist conducting the examination submit a written report to the Court setting out findings of the mental competency examination. *Id.*

The Court has received Dr. Lee Ann Preston Baecht's report. Dr. Preston Baecht is a board

certified forensic psychologist. In her report, she advises that, in her opinion, "it is substantially unlikely [Berotte] will attain competency in the foreseeable future." Dr. Preston Baecht also states that the Risk Assessment Panel at the FMC saw Mr. Berotte at the FMC and the Panel recommended commitment pursuant to 18 U.S.C. § 4246. The report further states that "a 4246 petition will be filed in the Western District of Missouri." The report reflecting Dr. Preston Baecht's opinion in detail and setting forth the corresponding psychological findings was filed in the record under seal. Because the examiner's findings are sensitive in nature as they relate to Mr. Berotte's mental health, the report is sealed and the Court incorporates those findings rather than restate them verbatim. The report has been forwarded to the defendant's attorney, the attorney for the Government, and the defendant's probation officer.

### Findings and Recommendation

Accordingly, based upon the opinion issued by the forensic evaluator, Dr. Preston Baecht, the undersigned United States Magistrate Judge recommends that the District Court find by a preponderance of the evidence that James Anthony Berotte is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in this defense, and he is accordingly incompetent to stand trial under 18 U.S.C. § 4241. This Court further finds that the defendant is not likely to be restored to competency and there is not a substantial probability that within an additional reasonable period of time he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(2). Based on the forensic report, the Court accordingly determines that because the defendant's mental health condition has not so improved as to permit proceedings to go forward, Mr. Berotte should be subject to the provisions of 18 U.S.C. § 4246 in

the Western District of Missouri, where the defendant is presently in custody, as suggested by the forensic report. *See* U.S.C. § 4241(d). Finally, the undersigned would recommend that the Government be directed to coordinate with the United States Attorneys Office for the Western District of Missouri and file quarterly status reports in this case updating the Court on any commitment proceedings filed against Mr. Berotte.

**Objections**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of August, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE